UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VIRGINIA G. HELTERBRAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-01318-TAB-JMS ) |
| NANCY A. BERRYHILL Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

## I.     Introduction

When conducting a hearing and issuing a decision, Administrative Law Judges have many things they must remember to properly discuss, develop, and analyze, all while being efficient under the weight of heavy caseloads.[1] Nonetheless, ALJs' decisions greatly impact claimants' lives, and perfunctory analysis will not do. Unfortunately, in this instance the ALJ erred in her step three discussion of Listing 12.04(C), and the Court grants Plaintiff Virginia Helterbrand's request for remand. [Filing No. 19.]

Plaintiff Virginia Helterbrand sought Social Security Income benefits due to her mood disorder and other physical and mental impairments. The Social Security Administration found she was not disabled, and Helterbrand appeals. Helterbrand argues the ALJ's step three analysis was perfunctory and failed to properly address her treating psychiatrist's opinion that she met the Listing 12.04(C)(2) criteria. The Court finds that the ALJ's discussion was insufficient and

---

[1] In 2015, the most recent year on which there is data, ALJs averaged 44 hearings a month and 708 pending hearings. *Annual Statistical Supplement to the Social Security Bulletin, 2016*, SOC. SEC. OFFICE OF RET. & DISABILITY POL'Y (May, 2017), 2.77, https://www.ssa.gov/policy/docs/statcomps/supplement/2016/supplement16.pdf.

grants Helterbrand's brief in support of appeal. [Filing No. 19.] Helterbrand raises four other issues that the Court need not analyze in light of this remand order, but the ALJ may want to reevaluate some of the evidence in light of Helterbrand's arguments and the recent changes to Social Security Rulings regarding credibility and weighing physician testimony.

**II.     Background**

Helterbrand filed her application for SSI on April 22, 2014, alleging disability beginning April 1, 2014. The claim was denied initially and upon review, so Helterbrand requested a hearing. Helterbrand attended the hearing and was represented by an attorney. The ALJ found Helterbrand was not disabled because she could perform limited unskilled light work such as housekeeping or preparing food.

The ALJ found at step one that Helterbrand had not engaged in substantial gainful employment for the relevant period. At step two, the ALJ found Helterbrand had severe impairments of mood disorder, personality disorder, and morbid obesity, and non-severe impairments of depression, anxiety, diabetes, migraine headaches, carpal tunnel, and gastroesophageal reflux disease.

The ALJ found at step three that these impairments, individually or in combination, did not meet or medically equal any of the listings under 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ looked to several listings, but Helterbrand only challenges the ALJ's analysis of Listing 12.04(C)(2), which relates to mood disorders. At step four, the ALJ determined that Helterbrand had the residual functional capacity to perform light work with several additional limitations. The ALJ also found Helterbrand's claims were not entirely credible. Based on her RFC, age, education, work experience, and the testimony of a vocational expert, the ALJ determined at step five that there were significant numbers of jobs in the national economy that Helterbrand could perform. Thus, the ALJ found Helterbrand was not disabled.

### III. Discussion

Helterbrand argues that the ALJ's decision must be remanded because the ALJ erred at step three in her discussion of whether her condition met or medically equaled Listing 12.04(C)(2).[2] Helterbrand's argument is two-fold. First, she argues the ALJ's analysis was impermissibly perfunctory. Second, she argues the ALJ failed to adequately address Dr. Betsy Rosiek's opinion. The Commissioner responds that, read as a whole, the decision adequately supports the ALJ's determination, and that Dr. Rosiek's opinion was properly rejected.

Claimants are presumptively eligible for benefits if their impairment meets or equals one or more of the impairment listings. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015); 20 C.F.R. § 404.1520(d). Claimants may satisfy the listing requirements by meeting the listed criteria or by showing that their symptoms medically equal the severity of the listing. *Minnick*, 775 F.3d at 935; 20 C.F.R. § 404.1526. ALJs "must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). In *Barnett*, the court held that a two-sentence analysis of a listing was perfunctory and warranted remand. *Id.* at 670.

The listing criterion at issue here reads: "A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate . . . ." 20 C.F.R. § Pt. 404, Subpt. P, App. 1.[3]

---

[2] The Commissioner argues that Helterbrand's brief fails to demonstrate how Listing 12.04(C) applies given that subsection C is for individuals in highly structured settings. However, the ALJ implicitly found that Helterbrand presented sufficient evidence of such a setting by analyzing the subsection C criteria. The Court will not reweigh the evidence to make a different determination. *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017).

[3] This is the version of 20 C.F.R. § 404, Subpt. P, App. 1 in effect for Helterbrand's date of disability, April 1, 2014.

3

The ALJ's entire analysis was a single sentence: "The claimant does not have a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the claimant to decompensate." [[Filing No. 15-2, at ECF p. 25](); R. at 24.] It appears that ALJ merely copied the exact language from the listing and tacked "the claimant does not have . . ." to the beginning.

To her credit, the Commissioner does not argue that this analysis is not perfunctory. Instead, the Commissioner argues that the ALJ discussed relevant facts in other areas of the decision. In a footnote, the Commissioner cites *[Molnar v. Astrue](), 395 F. App'x 282, 287 (7th Cir. 2010)*, for the proposition that the decision should be read as a whole.

However, this gives an incomplete picture of the standard. The Court reads the ALJ's decision as a whole, giving it "a commonsensical reading rather than nitpicking at it." *[Castile v. Astrue](), 617 F.3d 923, 929 (7th Cir. 2010)*. It defies commonsense to think that a reader would see the ALJ's one-sentence assertion and conclude that evidence strewn throughout later sections provide the factual support for that conclusion. In *[Kastner v. Astrue](), 697 F.3d 642, 647 (7th Cir. 2012)*, the Seventh Circuit criticized the ALJ for relying on an "obscure cross-reference" as supporting evidence for a step three determination. Here, the ALJ did not even supply that. This is precisely the kind of perfunctory analysis that the Seventh Circuit repeatedly remands. *[Minnick v. Colvin](), 775 F.3d 929, 936 (7th Cir. 2015)* (collecting cases). Therefore, the ALJ's decision must be remanded.

The error of this perfunctory analysis is exacerbated by the ALJ's lack of discussion of Dr. Rosiek's opinion. Dr. Rosiek was Helterbrand's treating psychiatrist. Helterbrand offered a medical record from Dr. Rosiek in which the psychiatrist checked a box next to language identical to Listing 12.04(C)(2), indicating Helterbrand met the listing criterion. Helterbrand

4

argues that the ALJ was required to provide a "good reason" for not giving controlling weight to the psychiatrist's opinion because Dr. Rosiek was Helterbrand's treating physician. [Filing No. 19, at ECF pp. 10–11 (citing *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010)).] The Commissioner argues the ALJ rejected Dr. Rosiek's opinion and that Dr. Rosiek's opinion was unsupported. The Commissioner's argument is unpersuasive.

Though an ALJ's rejection of a doctor's opinion will be upheld unless patently erroneous, the ALJ must actually reject the opinion. *See Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015); *Campbell*, 627 F.3d at 306. Here, the Court sees no reason to afford such deference to the ALJ's decision given that the ALJ failed to articulate her rejection, let alone explain it. The ALJ never mentioned Dr. Rosiek's check-the-box opinion in her step three analysis. In fact, the ALJ never rejected any of Dr. Rosiek's opinions. She only noted giving little weight to a separate, specific opinion Dr. Rosiek offered regarding "'marked' limitations." [Filing No. 15-2, at ECF p. 28; R. at 27.] The Seventh Circuit has held that ALJs may rely on a physician's opinion after assigning it less than controlling weight. *See, e.g.*, *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). Thus, the ALJ did not reject Dr. Rosiek's opinion. Rather, she simply omitted it. This is an important distinction, which supports the finding that the ALJ failed to adequately address and weigh Dr. Rosiek's opinion.

The Commissioner argues that Dr. Rosiek's opinion should not be given weight because it is unsupported. However, the Court cannot decide the facts anew to assign relative weight to Dr. Rosiek's opinion vis-à-vis other medical sources. *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) (The Court "will not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner."). The Commissioner cites evidence to undermine Dr. Rosiek's opinion while Plaintiff cites evidence in support of it.

[*Compare* Filing No. 21, at ECF p. 11 *with* Filing No. 22, at ECF pp. 4–6.] Weighing this evidence and deciding whether to adopt, reject, or otherwise consider Dr. Rosiek's check-the-box opinion is a task reserved to the ALJ, not the Court. *Rice*, 384 F.3d at 369; s*ee Elder*, 529 F.3d at 413 (the court's "role is extremely limited"). Therefore, Court must remand the ALJ's decision.

Helterbrand makes four additional arguments in favor of remand, but the Court declines to address them. Helterbrand challenges the ALJ's credibility determination and her application of the treating physician rule. Coincidentally, the SSA has issued new Social Security Rulings regarding these analyses. An in-depth analysis of Helterbrand's arguments regarding the old SSRs would serve no purpose because ALJs must apply the new rulings on remand. Helterbrand also argues the ALJ erred in failing to address Helterbrand's migraines and obesity. While the ALJ is to use her judgment in reviewing the evidence, additional discussion would seem to be appropriate considering the potential impact of absenteeism on employability.

## IV. Conclusion

For the reasons set forth above, the Court grants Helterbrand's brief in support of appeal [Filing No. 19]. This cause is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the ALJ's perfunctory step three analysis and failure to address Helterbrand's treating psychiatrist's opinion.

Date: 12/21/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.